IN THE DISTRICT COURT OF JOHNSON COUNTY

| | |
|---|---|
| John Calton<br>12024 Goddard<br>Overland Park, Ks 66213<br><br>    Plaintiff<br>v.<br><br>JVM Sovereign Apartments, LLC<br>903 Commerce Drive, # 100<br>Oak Brook, IL 60523<br><br>(Serve Registered Agent:<br>Paracorp, Inc.<br>13910 S. Brougham Dr.<br>Olathe, KS 66062)<br><br>    Defendant | Case No.:<br>Division No. |

## PETITION

Comes now, Plaintiff John Calton and hereby states for his Petition that:

1. Plaintiff is a resident of Overland Park, Johnson County, Kansas.

2. Defendant JVM Sovereign Apartments, LLC is a foreign corporation doing business in Johnson County, Kansas which has as its Registered Agent for purposes of service in Kansas, Paracorp Incorporated, 13910 S. Brougham DR., Olathe, KS 66062.

3. On or about October 1, 2016, Defendant was the owner of the Sovereign at Overland Park Apartments, located at 13310 Melrose Lane, Overland Park, Kansas 66213.

4. On or about October 1, 2016 Plaintiff was a lessee of Defendant at said apartments.

5. On or about October 1, 2016, Defendant provided a propane fueled barbecue grill for use by the tenants in the common area near the swimming pool.

6. As owner of the premises, Defendant had a statutory duty pursuant to KSA 58-2553(2)(3) to exercise reasonable care in the maintenance of the common area and to maintain in good and safe working order all appliances supplied by Defendant.

*Clerk of the District Court, Johnson County Kansas*
*12/11/17 02:43pm SS*

**EXHIBIT A**

7. On or about October 1, 2016 Plaintiff went to said grill and turned the knobs for all three burners to "On" to light and preheat the grill as he had done on several previous occasions without incident. He then closed the cover on the grill and went to wait in a nearby chair for the grill to heat up.

8. After approximately ten minutes, he went back to the grill and lifted the lid only to find that the burners had gone out. He did not smell gas. He then turned the burners to the "Off" position.

9. Plaintiff then turned the knob to the first burner to the "On" position, at which time an explosion occurred within the grill throwing Plaintiff backwards and knocking him to the ground.

10. After a time, Plaintiff was able to regain his feet and was a found by a neighbor walking around in a dazed condition with blood on his left hand and leg.

11. As a direct result of the explosion, Plaintiff suffered a traumatic brain injury concussion, requiring extensive treatment and therapy, the effects of which are permanent.

12. In addition, he sustained traumatic injuries to his left hand and leg, which also required months of treatment and therapy.

13. Examination of the grill after the explosion has revealed that in violation of the Assembly and Operating Instructions provided by the manufacturer of the grill, Defendant had failed to provide vents for combustion air and ventilation on both sides of the enclosure in which the grill was placed.

14. The failure by Defendant to provided proper venting allowed propane gas to accumulate in the lower part of the grill after the burners went out before Plaintiff went back to check on them.

15. This accumulated gas was then ignited when Plaintiff—who had no knowledge of this accumulation—turned the knob on the first burner to the "On" position.

16. Had Defendant installed the grill with proper venting, the explosion would not have occurred.

17. Defendant, by installing the grill in the concrete enclosure in violation of the manufacturer's instructions, knew or by using ordinary care should have known that the barbecue grill had been improperly installed without adequate venting, and was thereby negligent.

18. Defendant, by connecting the grill which was designed to be used with a standard 20lb/7kg gas cylinder to a 500-gallon underground propane tank.

19. Defendant had a reasonable opportunity to correct this dangerous condition before the explosion that occurred which injured Plaintiff, by properly installing the grill, but negligently failed to do so.

20. Defendant had a duty to maintain the its premises, including the grill, in a reasonably safe condition, to warn of dangerous conditions, and to use reasonable care to keep the premises in a safe condition under all circumstances.

21. Defendant breached these duties and was thereby negligent in the following respects:
    a. Defendant failed to keep a copy of the Assembly & Operating Instructions that were provided by the manufacturer when the grill was first installed.
    b. Defendant failed to maintain the premises in a safe condition by installing the grill without providing for proper ventilation, in direct violation of the manufacturer's Assembly & Operating Instructions.
    c. Defendant allowed its employee, who had no training in the maintenance or repair of gas grills, to replace a rubber supply line within the grill in May 2016.
    d. Defendant failed to use reasonable care to fix the dangerous condition created by installing the grill without proper ventilation which allowed propane gas to accumulate within the grill when the burners were on but not lit.

    e. Defendant failed to use reasonable care to provide a properly ventilated grill for use by Plaintiff and other tenants in the common area, and knew or should have known the grill would be unreasonably dangerous for users such as Plaintiff, thereby breaching its duty to provide a reasonably safe common area.

22. As a direct and proximate result of Defendant's negligence, Plaintiff sustained a traumatic brain injury concussion which has and will cause Plaintiff to suffer loss of memory, ability to find words, depression, irritability, headaches, impaired concentration, reduced attention span, and other cognitive impairments, as well as traumatic injuries to his left hand and knee, all of which has and will cause permanent pain and suffering and loss of enjoyment of life.

23. Because of his injuries, Plaintiff has and will incur expenses for medical treatment, including physical therapy.

24. Because of his injuries, Plaintiff has been compelled to use 170 hours of sick leave and vacation days to attend doctor visits and physical therapy, resulting in a loss of $6,800 in benefits.

25. In addition to the above damages, Plaintiff is entitled to be compensated for present and future pain and suffering, present and future loss of enjoyment of life, and present and future payment of medical bills, all which damages were caused by Defendant's negligence as set forth above.

    WHEREFORE, Plaintiff prays for judgment against Defendant for actual and compensatory damages in excess of $75,000, plus prejudgment and post judgment interest thereon, and for all other relief the Court deems just and proper.

                              Respectfully submitted,

                              /s/John R. Loss KS #25695

                              Benjamin & Loss, P.C.

10955 Lowell, Ste. 440

Overland Park, KS 66210

Tel: 816-471-8100

Fax: 913-498-1504

E-mail: jloss@bllaw.net

17EF248215

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

JOHN CALTON

           Plaintiff

vs

JVM SOVEREIGN APARTMENTS LLC
           Defendant

Case No: 17CV06863
Division: 4
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for JVM SOVEREIGN APARTMENTS LLC whose address for service is:

    13910 S.BROUGHAM, DR.
    OLATHE, KS 66062

Service through the Sheriff of JOHNSON County, State of Kansas, other than by certified mail.

THIS IS THE ADDRESS OF DEFENDANT'S REGISTERED AGENT. SERVE MANAGER IN CHARGE.

By: /s/ JOHN R LOSS
JOHN R LOSS, #25695
10955 LOWELL STE 440
OVERLAND PARK, KS 66210
816-471-8100

*Clerk of the District Court, Johnson County Kansas*
*12/11/17 02:43pm SS*

JOHNSON COUNTY KANSAS SHERIFF'S RETURN OF CIVIL PROCESS

CASE NO. 17CV06863
CHAPTER 60

JOHN CALTON

(PLAINTIFF)

JVM SOVEREIGN APARTMENTS LLC
13910 S. BROUGHAM DR.
OLATHE, KS 66062

(PARTY OF RECORD)

SHERIFF'S RETURN OF SERVICE

I have served the following, SUMMONS AND PETITION by delivering a copy of each to JVM SOVEREIGN APARTMENTS LLC, personally, at 13910 S. BROUGHAM DR., on DECEMBER 14 2017, at 1249 hours.

All done in Johnson County, Kansas

I hereby certify under penalty of perjury that the foregoing is true and correct.

Executed:   December 14, 2017

Attorney for Plaintiff
JOHN R LOSS

Calvin Hayden-Sheriff
Johnson County, Kansas

By /s/ NEAL, CORY, 681

Electronically Signed

Additional Notes:
SERVED PAULA LYNCH REGISTERED AGENT

*Clerk of the District Court*
*Johnson County Kansas*
*12/14/2017 12:53:04 SM*