# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN CALTON,

    Plaintiff,

v.

JVM SOVEREIGN APARTMENTS, LLC,

    Defendant/Third-Party Plaintiff,

v.

DAVIS DEVELOPMENT, INC., et al.,

    Third-Party Defendants.

Case No. 17-2739-DDC-JPO

## MEMORANDUM AND ORDER

On December 29, 2017, JVM removed this case from Johnson County, Kansas District Court, asserting the court had diversity subject matter jurisdiction. *See* Doc. 1. On January 9, 2018, JVM filed a Third-Party Complaint, asserting the court had diversity subject matter jurisdiction over the third-party claims. *See* Doc. 8. Then, on April 16, 2018, JVM amended that Third-Party Complaint by the court's leave, still asserting diversity subject matter jurisdiction existed. *See* Doc. 31. On June 19, 2018, the court concluded that JVM had failed to allege sufficient facts in the Notice of Removal to support diversity of citizenship between JVM and plaintiff. Also, JVM had failed to allege sufficient facts in the Amended Third-Party Complaint to support diversity of citizenship between JVM and one of the third-party defendants—Humphreys. Accordingly, the court ordered JVM to show good cause why the court should not remand the case to state court, dismiss the Amended Third-Party Complaint, or both.

Recently, JVM informed the court that it cannot access citizenship information for some of its "sub-members." JVM asserts it has two members. Those two members are LLCs themselves. The members of the first LLC consist of 63 individual investors, 55 trusts, 25 individual retirement accounts (IRAs), and two more entities (which includes one LLC). The second member of JVM is an LLC comprised of 22 individual investors, 18 trusts, three IRAs, and seven additional entities (which includes three LLCs and two limited partnerships).

An individual's citizenship is simply determined by the citizenship of his domicile. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). The citizenship of the other entities involves a more complex analysis. If the entity is a limited liability company, its citizenship is decided by the citizenship of each one of its members. *See id.* ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001). The citizenship of a limited partnership depends on the citizenship of its partners, whether general or limited. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). And like an LLC, the citizenship of trusts and IRAs is derived from the citizenship of each one of its members. S*ee Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015) (holding that "the citizenship of a trust is derived from all the trust's 'members'"—both trustees and beneficiaries); *see also Larchmont Holdings, LLC v. North Shore Holdings, LLC*, No. 16-CV-575-SLC, 2017 WL 213843, *4 (W.D. Wis. Jan. 18, 2017) ("[T]he citizenship of an individual retirement account is determined by the citizenship of its members or owners [of the account].").

Without elaborating, JVM's more recent filing, Doc. 58, explains that it "does not have access to information on the beneficiaries of its sub-member trusts, or the membership base of its

sub-LLCs." Doc. 58 at 3. And to its credit, JVM concedes, without this information, that it cannot determine the citizenship of its members. Thus, the court cannot determine if plaintiff and JVM are completely diverse—as it must to exercise diversity jurisdiction over the action. *See* 28 U.S.C. § 1332(a)(1); *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).

The court must satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And, it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). When the court cannot determine whether complete diversity exists, the appropriate course is to remand the cause to state court. *See US Sprint Commc'ns Co. Ltd. P'ship of Del. v. Military Commc'ns Ctr., Inc.*, No. CIV. A. 89-2144, 1989 WL 45362, at *2 (D. Kan. Apr. 3, 1989); *see also Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1055 (D. Kan. 1999). The court thus remands this case to the District Court of Johnson County, Kansas—the court where plaintiff filed his suit.

But as was true about a similar case almost 20 years ago, "[t]o say that the case must be remanded does not end [the] discussion." *RMP Consulting Grp., Inc. v. Datronic Rental Corp.*, No. 98-5062, 1999 WL 617690, at *4 (10th Cir. Aug. 16, 1999). Instead, the relatively uncommon posture of *RMP* "require[d] [the court] to specify the nature of 'the case' to be remanded." *Id.* The same is true here. Because *RMP* illustrates how the court should approach this relatively obscure task, the remainder of this Order discusses *RMP* extensively.

In that case, defendant had removed the case from Oklahoma state court based on diversity jurisdiction. When removed, the case involved two plaintiffs and one defendant. Complete diversity appeared to exist. After removal, defendant filed a Third-Party Complaint against two third-party defendants. Defendant invoked diversity jurisdiction as the basis for subject matter jurisdiction over its Third-Party Complaint. About a year later, the court granted defendant leave to amend its Third-Party Complaint. *Id.* at *1.

But the jurisdictional fun began in earnest three years after the amended Third-Party Complaint was filed. At that point, the original plaintiffs and the two third-party defendants asserted that a limited liability partnership—and not the named defendant—was the real party in interest under Fed. R. Civ. P. 17. The district court agreed, a conclusion that required the court to revisit the diversity analysis. The removing defendant stipulated that the limited liability partnership was aligned with defendant's interests. It filed a "certification of ratification" under Rule 17(a)(3). This certificate confirmed the partnership's authorization of the defendant's action in the case and agreed to be bound by its outcome. And then it stipulated that the partners of the partnership now aligned with defendant included at least one partner who was a citizen of plaintiffs' state of citizenship and at least one partner who was a citizen of the same state as the third-party defendants. The district court concluded that complete diversity no longer existed, and so it lacked subject matter jurisdiction. Then, the district court dismissed the case for lack of subject matter jurisdiction. *Id.* at *1–2.

The removing defendant appealed, claiming that the district court should have remanded the case instead of dismissing it. *See id.* at *3. The Tenth Circuit agreed, concluding that 28 U.S.C. § 1447(c) mandated remand, not dismissal. *Id.* (citing *Int'l Primate Protection League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991)). The Circuit also held that because the

4

district court lacked subject matter jurisdiction, all of its orders were a nullity. *Id.* (citing *Brown v. Francis*, 75 F.3d 860, 866–67 (3d Cir. 1996)). The court thus vacated all orders entered by the district court—including those granting procedural relief such as leave to amend. *Id.*

The Circuit applied this aspect of its holding to the claims asserted against the third-party defendants. It concluded it could not discern whether the original Third-Party Complaint was filed as a matter of right. If so, that pleading formed part of "the case" to be remanded to state court. But if not, it was not part of the case now destined for return to state court. The Amended Third-Party Complaint presented a simpler question. It was filed by leave granted by a federal court order that now was nullified. Consequently, the Tenth Circuit held that the Amended Third-Party Complaint did not "form part of the case to be remanded." *Id.* at *4.

Applying this holding to JVM's third-party claims here is relatively simple. JVM filed its original Third-Party Complaint as a matter of right. *See* Doc. 8 (Third-Party Complaint); *see also* Fed. R. Civ. P. 14(a)(1) (providing a Third-Party Complaint is filed as a matter of right if filed within 14 days of defendant's original Answer). The court thus includes those claims and that pleading (Doc. 8) as "part of the case to be remanded." In contrast, the Amended Third-Party Complaint was filed by leave of court. *See* Docs. 29, 30. Because the order granting that leave now is known to be an order entered by a court lacking subject matter jurisdiction, the amended pleading (Doc. 31) is not part of the case remanded to state court.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** this case is remanded to Johnson County, Kansas District Court for lack of subject matter jurisdiction. The court directs the Clerk of Court to take all necessary steps to effectuate this remand.

---

[1] Naturally, the court expresses no opinion whether the state court should grant JVM leave to amend (re-amend) its Third-Party Complaint. That decision belongs entirely to the state court, if ever presented with a motion seeking such leave.

**IT IS FURTHER ORDERED THAT** JVM's original Third-Party Complaint (Doc. 8) is remanded as part of the case, but its Amended Third-Party Complaint (Doc. 31) is not.

**IT IS SO ORDERED.**

**Dated this 2nd day of August, 2018, at Topeka, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**